UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CHANEL, INC.,

      Plaintiff,

v.

24/7 GO LIVE, an unincorporated
association,

      Defendant.

_____/

CASE NO.

**COMPLAINT FOR DAMAGES AND
INJUNCTIVE RELEIF**

Plaintiff, Chanel, Inc., a New York corporation ("Chanel") hereby sues Defendant, 24/7 Go Live, an unincorporated association (the "Defendant"). Defendant is promoting, selling, offering for sale and distributing goods using counterfeits and confusingly similar imitations of Plaintiff's trademarks within this district via live shopping events on its Facebook page, which operates under the name 24/7 Go Live ("Seller Platform"). In support of its claims, Plaintiff alleges as follows:

## JURISDICTION AND VENUE

1.      This is an action pursuant to 15 U.S.C. §§ 1114, 1116, 1121, 1125(a), 1125(c), and Florida state common law. Accordingly, this Court has jurisdiction under 28 U.S.C. §§ 1331, 1332 and 1338. Furthermore, this Court has supplemental jurisdiction under 28 U.S.C. § 1367 over the state law claim, because the claim is so related to the Federal claims in this action over which this Court has original jurisdiction that it forms part of the same case or controversy under Article III of the United States Constitution.

2.      Venue is proper in this Court pursuant to 28 U.S.C. § 1391(c)(2) because Defendant, as an unincorporated entity with the capacity to be sued in its common name, is deemed

to reside in any judicial district in which the Defendant is subject to the court's personal jurisdiction with respect to the civil action in question.

3.     Defendant is subject to this Court's personal jurisdiction because Defendant directs business activities toward and conducts business with consumers within the State of Florida, and specifically within this district through, at least, its Seller Platform. Specifically, through its Seller Platform, Defendant is engaged in the advertisement, offer for sale, and sale of counterfeit goods, which are purchased by and shipped to consumers in Florida, including within this judicial district. Specifically, several members have sold and shipped counterfeit goods to an address within this judicial district. Additionally, sellers comprising the unincorporated association knowingly promote, offer for sale, and/or sell the counterfeit products to consumers located in Florida. Further, at least one member of the unincorporated association is a seller which operates out of this judicial district.

## THE PARTIES

4.     Chanel is a corporation duly organized under the laws of the State of New York with its principal place of business in the United States located at Nine West 57th Street, New York, New York 10019.  Chanel is, in part, engaged in the business of manufacturing and distributing throughout the world, including within this District, high-quality products including handbags, earrings, bracelets, scarves, sweaters, t-shirts, sunglasses, blankets, keychains, shoes, and other products under the world famous federally registered trademarks , ,  and CHANEL (the "Chanel Marks").  Chanel is the owner of all registered and common law rights associated with the above-referenced marks as used in connection with the promotion, advertisement and distribution of goods in the United States. True and correct copies of the Certificates of Registration for the Chanel Marks are attached hereto as Composite Exhibit "1."

5.      Defendant is an unincorporated association comprised of, at least, forty-five (45) sellers scattered across the United States that, upon information and belief, conducts substantial business activities throughout the United States, including within this district, through at least, the knowing and intentional promotion, advertisement, distribution, offer for sale, and/or sale of counterfeit goods through live shopping events on its Seller Platform. Upon information and belief, Defendant uses the additional aliases in the operation and/or promotion of its business, such as its "@247_golive" TikTok Account. The forty-five sellers are identified Composite Exhibit "2" attached hereto. For true and correct examples of counterfeit products promoted and sold by Defendant's members see Composite Exhibit "2" attached hereto. For true and correct captures of Defendant's Seller Platform and TikTok Account see Composite Exhibit "3" attached hereto.

6.      The Defendant is a voluntary group of persons, without, upon information and belief, a charter, formed by mutual consent of the individual member sellers for the purpose of promoting a common counterfeiting enterprise and pursuing a common objective of coordinative unlawful sales events designed to force multiply the number of sales which could be achieved without a master organization.

7.      Defendant is directly engaged in unfair competition with Chanel through the advertisement, offering for sale and sale of goods bearing counterfeits and infringements of Chanel trademarks to consumers within the United States. Defendant has purposefully directed some portion of its illegal activities towards consumers in the State of Florida through the advertisement, offer to sell, sale, and shipment of counterfeit Chanel branded goods into the State and specifically within this district.

8.      Defendant has registered and maintained the Seller Platform for the purpose, at least in part, of engaging in unlawful counterfeiting activities.

9.     Upon information and belief, Defendant will continue to engage in the offering for sale and sale of goods in this district using counterfeit and confusingly similar imitations of Chanel's trademarks unless permanently enjoined.

10.     Defendant's Seller Platform and any other domain names and/or aliases used in connection with the sale of counterfeit and infringing goods bearing or under Chanel's trademarks are essential components of Defendant's illegal activities and are one of the means by which Defendant furthers its counterfeiting and infringement scheme and causes harm to Chanel.

## SUBSTANCE OF THE ACTION

11.     This action arises out of Defendant's offer to sell, advertisement, distribution and sale of products, including handbags, earrings, bracelets, scarves, sweaters, t-shirts sunglasses, blankets, keychains, shoes, and other products bearing a counterfeit of the iconic Chanel Marks detailed below in Paragraph 21 below. The Defendant's use of the Chanel Marks is not authorized by Chanel, and the Defendant's non-genuine goods are materially different from Chanel's genuine high-quality products including handbags, earrings, bracelets, scarves, sweaters, t-shirts, sunglasses, blankets, keychains, and shoes.  By presenting non-genuine Chanel branded products in such an unauthorized manner, Defendant is earning a substantial profit and causing immediate and irreparable harm to Chanel as well as the consuming public.

12.     Defendant promotes and sells its counterfeit goods through, among other things, virtual, live shopping events streamed through its Seller Platform. During these live-streamed videos, sellers—who operate under various seller identities—display and describe the counterfeit goods to viewers, as well as assign a code name and price to each good. Viewers are instructed to claim the goods by either (i) commenting the code name on the live video and/or (ii) private messaging the code name via Messenger to the seller account identified in Defendant's post. After

streaming these videos live, a recording of the live video is posted to Defendant's Seller Platform, allowing consumers to watch the videos later and purchase any unclaimed counterfeit goods.

13.     Defendant, who is not and has never been an authorized distributor of Chanel's high-quality products, is offering for sale and selling, at least, counterfeit Chanel branded handbags, earrings, bracelets, scarves, sweaters, t-shirts, sunglasses, blankets, keychains, and shoes.

14.     Through its Seller Platform, Defendant is displaying and selling its non-genuine Chanel branded products under the guise that those goods are authentic Chanel products.  As the Defendant's goods are non-genuine products, Defendant is likely to confuse consumers in both the sale and post-sale setting who will believe they are purchasing, have purchased, or are viewing a genuine product approved and guaranteed by Chanel.

15.     Because Defendant is using Chanel's Marks to sell goods that are not identical to Chanel's authorized merchandise, and that, in fact, are materially different from genuine Chanel products, Defendant is violating Chanel's rights.   Accordingly, Chanel asserts claims for federal trademark counterfeiting under 15 U.S.C. § 1114; federal trademark infringement under 15 U.S.C. § 1114; false designation of origin under 15 U.S.C. §1125(a) and common law infringement and unfair competition.   Plaintiff seeks, *inter alia*, injunctive relief preventing Defendant from continuing its illegal counterfeiting operation on its Seller Platform; an accounting and an award of Defendant's profits flowing from its unlawful activities, which amount should be trebled; statutory damages of up to $2,000,000.00 per counterfeit mark per type of goods; prejudgment interest; attorneys' fees and costs; and any other relief the Court deems just and proper.

## FACTUAL ALLEGATIONS COMMON TO ALL CLAIMS FOR RELIEF

16.     Chanel is a premier manufacturer and seller of a wide variety of high-quality goods

and is a recognized leader in the industry of high-quality products including handbags, earrings, bracelets, scarves, sweaters, t-shirts, sunglasses, blankets, keychains, and shoes.   Chanel's products are renowned for their high quality, are sold in its free-standing boutiques, and are authorized for sale in no less than one hundred retail locations throughout the United States, including within Florida.   All of Chanel's high-quality products prominently feature Chanel's iconic CHANEL and CC Monogram trademarks.   Substantial quantities of high-quality products including handbags, earrings, bracelets, scarves, sweaters, t-shirts, sunglasses, blankets, keychains, and shoes have been sold by Chanel under its famous marks.

17.     Chanel's products, such as its handbags, earrings, bracelets, scarves, sweaters, t-shirts, sunglasses, blankets, keychains, and shoes, including the styles at issue in this dispute, are renowned for their high quality and are easily identified by consumers and distinguished by the Chanel Marks.

18.     As a leader in the field of luxury fashion and beauty products, Chanel ensures that all its products are marketed and sold in a manner that befits and enhances Chanel's reputation.   It is essential to the marketing of Chanel's goods that all such products appear in a uniform fashion and are displayed and sold in a manner that enhances the value of the product, and, furthermore, in a manner that reflects the hard-earned image and reputation of Chanel as the manufacturer and seller of high-end luxury goods.   Indeed, Chanel goes to great lengths and expense to present its products in an appealing manner.   The total make-up of the Chanel high-quality products, including handbags, earrings, bracelets, scarves, sweaters, t-shirts, sunglasses, blankets, keychains, and shoes, is integral to consumer's experience of Chanel's products.

19.     Chanel maintains strict quality control over its products, throughout the entire process, from manufacturing to distribution to sale and post-sale customer care.

20.     Having expended so much time and expense perfecting its products, Chanel closely oversees the sales process to ensure that customers shopping for Chanel products experience those products the way they are meant to be experienced and get the products they believe they are purchasing.  Toward that end, Chanel authorizes only its own boutiques and those third-party retailers who are specifically approved by Chanel following a careful review process to sell its high-quality products including handbags, earrings, bracelets, scarves, sweaters, t-shirts, sunglasses, blankets, keychains, and shoes.  The goal is to ensure a purchasing experience that matches the luxury image of the Chanel brand.

21.     Chanel undertakes considerable efforts to build and maintain its image for its high-quality products.   This is done through the materials used, the sales channels, the consumer experience at retailers and through advertising.  Chanel invests significant time, money, and effort to advertise and promote its high-quality products, including handbags, earrings, bracelets, scarves, sweaters, t-shirts, sunglasses, blankets, keychains, and shoes, spending significant resources each year on such efforts.

22.     Chanel is the owner of all rights, including common law rights, in and to the following trademark and United States Federal Trademark Registrations:

| Trademark | Registration Number | Registration Date | Classes/Goods |
|---|---|---|---|
| CHANEL | 0,626,035 | May 1, 1956 | IC 018 - Women's Handbags |
| CHANEL | 0,902,190 | November 10, 1970 | IC 014 - Bracelets, Pins, and Earrings |
| CHANEL | 1,177,400 | November 10, 1981 | IC 025 - Hats, Shawls and Belts |

| | | | |
|---|---|---|---|
| (CC logo) | 1,241,264 | June 7, 1983 | IC 025 - Suits, Jackets, Skirts, Dresses, Pants, Blouses, Tunics, Sweaters, Cardigans, Tee-Shirts, Coats, Raincoats, Scarves, Shoes and Boots |
| CHANEL | 1,241,265 | June 7, 1983 | IC 025 - Suits, Jackets, Skirts, Dresses, Pants, Blouses, Tunics, Sweaters, Cardigans, Coats, Raincoats, Scarves, Shoes and Boots |
| (CC logo) | 1,314,511 | January 15, 1985 | IC 018 - Leather Goods-Namely, Handbags |
| CHANEL | 1,347,677 | July 9, 1985 | IC 018 - Leather Goods-Namely, Handbags |
| (CC logo) | 1,501,898 | August 30, 1988 | IC 006 - Keychains<br>IC 014 - Costume Jewelry<br>IC 025 - Blouses, Shoes, Belts, Scarves, Jackets, Men's Ties<br>IC 026 - Brooches and Buttons for Clothing |
| CHANEL | 1,733,051 | November 17, 1992 | IC 018 - Leather Goods; namely, Handbags, Wallets, Travel Bags, Luggage, Business and Credit Card Cases, Change Purses, Tote Bags, Cosmetic Bags Sold Empty, and Garment Bags for Travel |
| (CC logo) | 1,734,822 | November 24, 1992 | IC 018 - Leather Goods; namely, Handbags, Wallets, Travel Bags, Luggage, Business Card Cases, Change Purses, Tote Bags, and Cosmetic Bags Sold Empty |
| J12 | 2,559,772 | April 9, 2002 | IC 014 - Timepieces; namely, Watches, and Parts Thereof |
| RUE CAMBON | 2,964,843 | July 5, 2005 | IC 018 - Handbags |
| (CC logo) | 3,025,936 | December 13, 2005 | IC 009 - Eyeglass Frames, Sunglasses<br>IC 025 - Gloves, Swimwear<br>IC 026 - Hair Accessories, namely, Barrettes |
| CHANEL | 3,133,139 | August 22, 2006 | IC 014 - Jewelry and Watches |

| | | | |
|---|---|---|---|
| CHANEL | 3,134,695 | August 29, 2006 | IC 009 - Eyeglass Frames, Sunglasses, Sunglass Parts, Cases For Spectacles and Sunglasses<br>IC 025 - Swimwear, Stockings<br>IC 026 - Hair Accessories, Namely, Barrettes<br>IC 028 - Bags Specially Adopted For Sports Equipment, Tennis Rackets, Tennis Balls, Tennis Racket Covers |
| N°5 | 3,149,203 | September 26, 2006 | IC 014 - Jewelry |
| CHANEL | 3,890,159 | December 14, 2010 | IC 009 - Cases for Telephones<br>IC 018 - Key Cases |
|  | 4,074,269 | December 20, 2011 | IC 009 - Protective Covers for Portable Electronic Devices, Handheld Digital Devices, Personal Computers and Cell Phones<br>IC 018 - Key Cases |
|  | 4,241,822 | November 13, 2012 | IC 025 - For Clothing, namely, Coats, Jackets, Dresses, Tops, Blouses, Sweaters, Cardigans, Skirts, Vests, Pants, Jeans, Belts, Swim Wear, Pareos, Hats, Scarves, Ties, Gloves, Footwear, Hosiery |
| CHANEL | 5,100,448 | December 13, 2016 | IC 020 - Pillows |
| CHANEL | 5,166,441 | March 21, 2017 | IC 024 - Travelling blankets |
|  | 5,280,486 | September 5, 2017 | IC 020 - Pillows |
|  | 5,912,273 | November 19, 2019 | IC 018 - Handbags |

which are registered in International Classes 14, 18, and 25, and are used in connection with the manufacture and distribution of, among other things, high-quality products including handbags, earrings, bracelets, scarves, sweaters, t-shirts, sunglasses, blankets, keychains, and shoes.  In addition, all the Chanel Marks—with the exception of Trademark Registration 5,912,273, which

was registered in 2019—are incontestable pursuant to 15 U.S.C. § 1065 and serve as conclusive evidence of Plaintiff's ownership of the Chanel Marks, and of its exclusive right to use the marks in commerce on or in connection with all of the goods identified in the registrations as provided by 15 U.S.C. §1115(b).

23.     The Chanel Marks have been used in interstate commerce to identify and distinguish Chanel's high-quality products including handbags, earrings, bracelets, scarves, sweaters, t-shirts, sunglasses, blankets, keychains, shoes, and other goods for an extended period prior to Defendant's wrongful adoption and use of counterfeits of the marks.

24.     The Chanel Marks have never been assigned or licensed to the Defendant in this matter.

25.     The Chanel Marks are a symbol of Chanel's quality, reputation, and goodwill and have never been abandoned.

26.     Chanel has extensively used, advertised, and promoted the Chanel Marks in the United States in association with the sale of high-quality products including handbags, earrings, bracelets, scarves, sweaters, t-shirts, sunglasses, blankets, keychains, shoes, and other goods and has carefully monitored and policed the use of the Chanel Marks.

27.     As a result of Chanel's efforts, members of the consuming public readily identify merchandise bearing the Chanel Marks, as being high quality merchandise sponsored and approved by Chanel.

28.     Accordingly, the Chanel Marks have achieved secondary meaning as identifiers of high-quality products handbags, earrings, bracelets, scarves, sweaters, t-shirts, sunglasses, blankets, keychains, shoes, and other goods.

29.     At all times relevant hereto, the Defendant in this action had full knowledge of Chanel's ownership of the Chanel Marks, including its exclusive right to use and license such intellectual property and the goodwill associated therewith.

30.     Chanel has discovered the Defendant is promoting and otherwise advertising, distributing, selling and/or offering for sale counterfeit, infringing products bearing trademarks that are exact copies of the Chanel Marks (the "Defendant's Goods").  Defendant is using the Chanel Marks in the same stylized fashion, for different quality goods.

31.     The Defendant's Goods are of a quality substantially different than that of Chanel's genuine goods.   Despite the nature of its goods and the knowledge that it is without authority to do so, the Defendant is actively using, promoting and otherwise advertising, distributing, selling and/or offering for sale counterfeit products on its Seller Platform with the knowledge that such goods will be mistaken for the genuine, high-quality products offered for sale by Chanel. Defendant's actions result in the confusion of consumers who will believe the Defendant's Goods are genuine goods originating from, approved, endorsed, and guaranteed by Chanel.

32.     The Defendant advertises its products for sale to the consuming public.   In advertising its products, the Defendant uses the Chanel Marks.  Defendant's misappropriation of Chanel's advertising ideas in the form of the Chanel Marks has occurred, in part, in the course of Defendant's advertising activities and has been a proximate cause of damage to Chanel.

33.     Defendant is conducting its counterfeiting and infringing activities at least within this District.  As a result, the Defendant is defrauding Chanel and the consuming public for the Defendant's own benefit.  Defendant's infringement and disparagement of Chanel does not simply amount to the wrong description of its goods or the failure of the goods to conform to the advertised quality or performance.

34.     The Defendant's use of the Chanel Marks, including the promotion and advertising, reproduction, distribution, sale, and offering for sale of the Defendant's Goods, is without Chanel's consent or authorization.

35.     Further, the Defendant is engaging in the above-described counterfeiting and infringing activities knowingly and intentionally or with reckless disregard or willful blindness to Chanel's rights for the purpose of trading on the goodwill and reputation of Chanel.  If the Defendant's intentional unlawful activities are not enjoined by this Court, Chanel and the consuming public will continue to be damaged and irreparably harmed.

36.     The Defendant's above identified infringing activities are likely to cause confusion, deception, and mistake in the minds of consumers, the public, and the trade.  Moreover, the Defendant's wrongful conduct is likely to create a false impression and deceive customers, the public, and the trade into believing there is a connection or association between Chanel's genuine goods and the Defendant's Goods.

37.     Chanel has no adequate remedy at law.

38.     Defendant is earning substantial profits, and Chanel is suffering irreparable injury as a result of the Defendant's counterfeiting and infringing activities.

39.     The harm sustained by Chanel has been directly and proximately caused by the Defendant's wrongful reproduction, use, advertisement, promotion, offers to sell, and sale of the Defendant's Goods.

### COUNT I - FEDERAL TRADEMARK INFRINGEMENT PURSUANT TO § 32 OF THE LANHAM ACT

40.     Chanel hereby adopts and re-alleges the allegations set forth in Paragraphs 1 through 39 above.

41.     This is an action for trademark infringement against the Defendant based on its manufacture, promotion, advertisement, distribution, sale and/or offering for sale of products including handbags, earrings, bracelets, scarves, sweaters, t-shirts, sunglasses, blankets, keychains, and shoes using marks which are substantially similar and, in some instances, virtually identical to the Chanel Marks.

42.     Specifically, Defendant is promoting and otherwise advertising, selling, offering for sale and distributing products including handbags, earrings, bracelets, scarves, sweaters, t-shirts, sunglasses, blankets, keychains, and shoes bearing colorable imitations of the Chanel Marks.  In so doing, the Defendant is continuously infringing, directly and contributorily, the Chanel Marks by using them to advertise, promote, and sell products including handbags, earrings, bracelets, scarves, sweaters, t-shirts, sunglasses, blankets, keychains, and shoes bearing the Chanel Marks.

43.     Defendant's infringing activities are likely to cause confusion, mistake, and deception among members of the consuming public as to the origin and quality of Defendant's Goods.

44.     The Defendant's unlawful actions have caused and are continuing to cause unquantifiable harm to Chanel.

45.     Defendant's above-described actions constitute infringement of the Chanel Marks in violation of Chanel's rights under § 32 of the Lanham Act, 15 U.S.C. § 1114.

46.     Chanel has sustained injury caused by Defendant's conduct, and absent an entry of an injunction by this Court, Chanel will continue to suffer irreparable injury to its goodwill and business reputation and Defendant will continue to wrongfully profit from its actions.

## COUNT II - FEDERAL TRADEMARK COUNTERFEITING
## <u>PURSUANT TO § 32 OF THE LANHAM ACT</u>

47.     Chanel hereby adopts and re-alleges the allegations set forth in Paragraphs 1 through 46 above.

48.     This is an action for trademark counterfeiting against the Defendant based on its promotion, advertisement, distribution, sale and/or offering for sale of products including handbags, earrings, bracelets, scarves, sweaters, t-shirts sunglasses, blankets, keychains, and shoes bearing counterfeits of the Chanel Marks.

49.     Specifically, Defendant is promoting and otherwise advertising, selling, offering for sale, and distributing at least handbags, earrings, bracelets, scarves, sweaters, t-shirts, sunglasses, blankets, keychains, and shoes bearing counterfeits of the Chanel Marks.   The Defendant is continuously infringing and inducing others to infringe the Chanel Marks.

50.     Defendant's counterfeiting activities are likely to cause and are causing confusion, mistakes, and deception among members of the trade and the general consuming public as to the origin and quality of Defendant's goods.

51.     The Defendant's unlawful actions have caused and are continuing to cause unquantifiable harm to Chanel.

52.     Defendant's above-described unlawful actions constitute counterfeiting of the Chanel Marks in violation of Chanel's rights under § 32 of the Lanham Act, 15 U.S.C. § 1114.

53.     Chanel has sustained injury caused by Defendant's conduct, and absent an entry of an injunction by this Court, Chanel will continue to suffer irreparable injury to its goodwill and business reputation and Defendant will continue to wrongfully profit from its actions.

## COUNT III - FALSE DESIGNATION OF ORIGIN
## PURSUANT TO § 43(a) OF THE LANHAM ACT

54. Chanel hereby adopts and re-alleges the allegations set forth in Paragraphs 1 through 39 above.

55. The Defendant's Goods bearing and sold under the Chanel Marks have been advertised and distributed at least within this district.

56. The Defendant's Goods bearing and sold under the Chanel Marks are different in quality from genuine Chanel goods. Accordingly, the Defendant's activities are likely to cause confusion among the consuming public as to at least the origin or sponsorship of the Defendant's Goods.

57. The Defendant has used in connection with its sale of Defendant's Goods, false designations of origins and false descriptions and representations, including words or other symbols which tend to falsely describe or represent such goods and has caused such goods to enter into commerce with full knowledge of the falsity of such designations of origin and such descriptions and representations, all to the detriment of Chanel.

58. Specifically, the Defendant has used the Chanel Marks, in the Defendant's advertisement and promotion of its products including handbags, earrings, bracelets, scarves, sweaters, t-shirts, sunglasses, blankets, keychains, and shoes. The Defendant has misrepresented to members of the consuming public that the Defendant's Goods being advertised and sold by it are genuine, non-infringing products.

59. The Defendant's above-described actions are in violation of Section 43(a) of the Lanham Act, 15 U.S.C. §1125(a).

60.     Chanel has sustained injury caused by Defendant's conduct, and absent an entry of an injunction by this Court, Chanel will continue to suffer irreparable injury to its goodwill and business reputation and Defendant will continue to wrongfully profit from its actions.

## COUNT IV – COMMON LAW TRADEMARK INFRINGEMENT

61.     Chanel hereby adopts and re-alleges the allegations set forth in Paragraphs 1 through 39 above.

62.     This is an action for common law trademark infringement against the Defendant based on its promotion, advertisement, offering for sale, and sale of the Defendant's Goods in violation of the common law of the State of Florida.

63.     Specifically, the Defendant is promoting and otherwise advertising, offering for sale, selling, and distributing infringing products bearing the Chanel Marks.

64.     Defendant's infringing activities are likely to cause and are causing confusion, mistake and deception among members of the trade and the general consuming public as to the origin and quality of Defendant's products.

65.     Plaintiff has sustained injury caused by the Defendant's conduct, and absent an entry of an injunction by this Court, Plaintiff will continue to suffer irreparable injury to its goodwill and business reputation and Defendant will continue to earn profits from its wrongful activities.

## COUNT V - COMMON LAW UNFAIR COMPETITION

66.     Chanel hereby adopts and re-alleges the allegations set forth in Paragraphs 1 through 39 above.

67. This is an action against Defendant based on its promotion, advertisement, distribution, sale and/or offering for sale of goods using or bearing marks that are virtually identical to one or more of the Chanel Marks in violation of Florida's common law of unfair competition.

68. Specifically, Defendant is promoting and otherwise advertising, selling, offering for sale and distributing goods using or bearing counterfeits and infringements of one or more of the Chanel Marks. Defendant is also using counterfeits and infringements of one or more of the Chanel Marks to unfairly compete with Chanel and others for (i) space in search engine and social media results across an array of search terms and (ii) visibility on the World Wide Web.

69. Defendant's infringing activities are likely to cause and are causing confusion, mistake and deception among consumers as to the origin and quality of the products sold via the Seller Platform as a whole and all products sold therein by its use of the Chanel Marks.

70. Chanel has no adequate remedy at law and is suffering irreparable injury because of Defendant's actions, while Defendant is earning a substantial profit.

## **PRAYER FOR RELIEF**

71. WHEREFORE, Chanel demands judgment against the Defendant as follows:

a. Entry of a permanent injunction enjoining Defendant, its agents, representatives, servants, employees, and all those acting in concert or participation therewith, from manufacturing or causing to be manufactured, importing, advertising or promoting, distributing, selling or offering to sell the Defendant's Goods; from infringing, counterfeiting, or diluting or tarnishing the Chanel Marks; from using the Chanel Marks, or any mark or trade dress similar thereto, in connection with the sale of any unauthorized goods; from using any logo, trade name or trademark or trade dress which may be calculated to falsely advertise the services or products of the Defendant as being sponsored by, authorized by, endorsed by,

or in any way associated with Chanel; from falsely representing themselves as being connected with Chanel, through sponsorship or association, or engaging in any act which is likely to falsely cause members of the trade and/or of the purchasing public to believe any goods or services of the Defendant, or in any way endorsed by, approved by, and/or associated with Chanel; from using any reproduction, counterfeit, copy, or colorable imitation of the Chanel Marks in connection with the publicity, promotion, sale, or advertising of any goods sold by the Defendant, including, without limitation, products including handbags, earrings, bracelets, scarves, sweaters, t-shirts, sunglasses, blankets, keychains, shoes, and other goods; from affixing, applying, annexing or using in connection with the sale of any goods, a false description or representation, including words or other symbols tending to falsely describe or represent Defendant's goods as being those of Chanel, or in any way endorsed by Chanel and from offering such goods in commerce; and from otherwise unfairly competing with Chanel.

b. Entry of temporary, preliminary, and permanent injunctions pursuant to 28 U.S.C §1651(a), The All Writs Act, and the Court's inherent authority, enjoining Defendant, the forty-five (45) sellers comprising the unincorporated association, and any additional sellers not yet identified from continuing their unlawful counterfeiting activities via Defendant's Seller Platform, and any other seller platform.

c. Entry of an Order requiring Defendant to identify all member sellers who currently and/or formerly comprised the unincorporated association, as well as identify these sellers' locations.

d.  Entry of an Order requiring Defendant and its member sellers to identify (i) their location, (ii) the location of their counterfeit goods, and (iii) the counterfeit goods in their inventory, possession, custody, or control bearing one or more of the Chanel Marks.

e.  Entry of an Order requiring Defendant and its member sellers to surrender to Chanel the counterfeit goods in their inventory, possession, custody, or control bearing one or more of the Chanel Marks.

f.  Entry of an Order requiring Defendant and its member sellers to account to and pay Chanel for all profits  resulting from Defendant's unfair competition, trademark infringement, and counterfeiting  activities and that the award to Chanel be trebled, as provided for under 15 U.S.C. § 1117, or, at Chanel's election with respect to Counts I and II, that Chanel be awarded statutory damages from Defendant in the amount of two million dollars ($2,000,000.00) per counterfeit Chanel Marks used and product sold, as provided by 15 U.S.C. § 1117(c)(2) of the Lanham Act.

g.  Entry of an order pursuant to 28 U.S.C. § 1651(a), The All Writs Act, and the Court's inherent authority, that, upon Chanel's request, those acting in concert or participation as service providers to Defendant cease hosting, facilitating access to, or providing any supporting service to the Seller Platform, and any other websites and social media accounts through which Defendant or its member sellers engages in the promotion, offering for sale and/or sale of goods using counterfeits and/or infringements of the Chanel Marks.

h.  Entry of an Order that, upon Chanel's request, Facebook.com, TikTok.com, and any other online service provider delete all videos posted by the Defendant and its member sellers in support of its counterfeiting activities and preclude the Defendant from posting new, similar videos.

i.   Entry of an order requiring, upon Chanel's request, Defendant through its member sellers to request in writing permanent termination of any messaging services, seller platforms, usernames, and social media accounts it owns, operates, or controls on any messaging service, e-commerce marketplace, and social media website.

j.   Entry of an order pursuant to 28 U.S.C. § 1651(a), The All Writs Act, and the Court's inherent authority, authorizing Chanel to serve the injunction on any e-mail service provider with a request that the service provider permanently suspend the e-mail addresses that are used by Defendant in connection with Defendant's promotion, offering for sale, and/or sale of goods using counterfeits, and/or infringements of the Chanel Marks.

k.   Entry of an order pursuant to 28 U.S.C. § 1651(a), The All Writs Act, and the Court's inherent authority, that upon Chanel's request, the top level domain (TLD) Registry for the Seller Platform, and any other platform used by Defendant, or its administrators, including backend registry operators or administrators, place the Seller Platform on Registry Hold status for the remainder of the registration period for the platform, thus removing it from the TLD zone files which link the Seller Platform, and any other platforms being used and/or controlled by Defendant to engage in the business of marketing, offering to sell, and/or selling goods bearing counterfeits and infringements of the Chanel Marks, to the IP addresses where the associated platforms are hosted.

l.   Entry of an order pursuant to 28 U.S.C. § 1651(a), The All Writs Act, and the Court's inherent authority, canceling for the life of the current registration or, at Chanel's election, transferring any e-commerce store or platform names used by Defendant to engage in its counterfeiting of the Chanel Marks at issue to Chanel's control so they may no longer be used for unlawful purposes.

m. Entry of an order requiring Defendant, its agent(s) or assign(s), to assign all rights, title, and interest, to its Seller Platform to Chanel and, if within five (5) days of entry of such order Defendant fails to make such an assignment, the Court order the act to be done by another person appointed by the Court at the non-complying Defendant's expense, such as the Clerk of Court, pursuant to Federal Rule of Civil Procedure 70(a).

n. Entry of an order requiring Defendant, its agent(s) or assign(s), to instruct all search engines to permanently delist or deindex the Seller Platform and, if within five (5) days of entry of such order Defendant fails to make such a written instruction, the Court order the act to be done by another person appointed by the Court at the non-complying Defendant's expense, such as the Clerk of Court, pursuant to Federal Rule of Civil Procedure 70(a).

o. Entry of an Order pursuant to 15 U.S.C. § 1116 and the Court's inherent authority, requiring Defendants, their agent(s) or assign(s) to instruct the Registrar(s) for the Seller Platform to permanently close the registration accounts in which the Seller Platform is located and, if within five (5) days of entry of such order Defendant fails to make such a make such a written instruction, the Court order the act to be done by another person appointed by the Court at the non-complying Defendant's expense, such as the Clerk of Court, pursuant to Federal Rule of Civil Procedure 70(a).

p. Entry of an Order pursuant to 28 U.S.C. § 1651(a), The All Writs Act and the Court's inherent authority authorizing Chanel to request any Internet search engines or service provider referring or linking users to any URL of the Seller Platform, which are provided with notice of the order, to permanently disable, de-index or delist all URLs of the Seller Platform and/or permanently disable the references or links to all URLs of the Seller Platform used by Defendant to promote, offer for sale and/or sell goods bearing

counterfeits and/or infringements of the Chanel Marks, based upon Defendant's unlawful activities being conducted via the Seller Platform as a whole and via any specific URLs identified by Chanel.

q. Entry of an order requiring Defendant to request in writing permanent termination of any messaging service, social media accounts, and advertisement campaigns Defendant owns, operates, or controls on any message service and social media platform specifically including, but not limited to, Facebook.com, and, if within five (5) days of entry of such order Defendant fails to make such a written instruction, the Court order the act to be done by another person appointed by the Court at the non-complying Defendant's expense, such as the Clerk of Court, pursuant to Federal Rule of Civil Procedure 70(a).

r. Entry of an Order pursuant to 28 U.S.C. § 1651(a), The All Writs Act, and the Court's inherent authority that, upon Chanel's request, any Internet marketplace website operators, administrators, registrar, and/or top level domain (TLD) Registry for the Seller Platform who are provided with notice of an injunction issued by the Court identify any e-mail address known to be associated with Defendant's Seller Platform.

s. Entry of an Order requiring Defendant, at Chanel's request, to pay the cost necessary to correct any erroneous impression the consuming public may have received or derived concerning the nature, characteristics, or qualities of Defendant's products, including without limitation, the placement of corrective advertising and providing written notice to the public.

t. Entry of an order awarding Chanel pre-judgment interest on its judgment.

u. Entry of an order pursuant to 15 U.S.C. §1117(a) and (b) awarding Chanel its costs and reasonable attorneys' fees and investigators' fees associated with bringing this action.

v.  Entry of an order awarding Chanel such other and further relief as the Court may deem just

and proper.

DATED: November 16, 2023.              Respectfully submitted,

STEPHEN M. GAFFIGAN, P.A.
By: **Stephen M. Gaffigan**
Stephen M. Gaffigan (Fla. Bar No. 025844)
Virgilio Gigante (Fla. Bar No. 082635)
T. Raquel Wiborg-Rodriguez (Fla. Bar No. 103372)
Christine Ann Daley (Fla. Bar No. 98482)
401 East Las Olas Blvd., #130-453
Ft. Lauderdale, Florida 33301
Telephone: (954) 767-4819
E-mail: Stephen@smgpa.cloud
E-mail: Leo@smgpa.cloud
E-mail: Raquel@smgpa.cloud
E-mail: christine@smgpa.cloud

Attorneys for Plaintiff, Chanel, Inc.